IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

RICHARD HAUGHEY,

    Plaintiff,

v.

    Case No. _____ 10  10847

    Division: DIVISION J

MUSEUM OF SCIENCE AND INDUSTRY, INC.,

    Defendant.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Richard Haughey ("Plaintiff"), by and through undersigned counsel, hereby sues, Defendant, Museum of Science and Industry, Inc., and in support thereof, alleges the following:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00

2. Venue lies within Hillsborough County, Florida because a substantial part of the events giving rise to this claim arose in this Judicial District.

3. Plaintiff is a resident of Hillsborough County, Florida.

### GENERAL ALLEGATIONS

4. At all times material hereto, Defendant has continuously been doing business in the State of Florida and in Hillsborough County.

5. Defendant is a Florida Non Profit Corporation that operates the Museum of Science and Industry, Inc. or MOSI, at 4801 E. Fowler Ave., Tampa, Florida.

6. Plaintiff was employed by Defendant as a Facilities Engineer.

7. Although Defendant classified Plaintiff as an exempt employee, he was required to perform nonexempt functions.

8. In January 2009, Plaintiff sustained an injury that required him to be absent from work.

9. As a result of this injury, Plaintiff required back surgery.

10. Plaintiff's physician provided him with a note indicating that during the relevant time period he was totally disabled.

11. Sometime after providing Defendant with a doctor's note, Plaintiff visited Bennett's Automotive Garage in Brandon, Florida because his wife's car was being serviced.

12. Although Plaintiff's wife's car was being serviced by Bennett's Automotive Garage, Defendant incorrectly accused Plaintiff of working for the garage.

13. Defendant subsequently terminated Plaintiff's employment claiming that he failed to provide documentation supporting his need for medical leave.

## COUNT I
## FAIR LABOR STANDARDS ACT ("FLSA")

14. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-13.

15. At all times material hereto, Plaintiff performed non-exempt duties for Defendant.

16. Plaintiff was hired by Defendant and worked for Defendant until February 2009.

17. Plaintiff's normal schedule required him to work five days a week, but he was frequently called to work on weekends.

2

18. During his employment, Plaintiff worked approximately 75-80 hours per week, but he did not receive overtime pay.

19. Plaintiff was entitled to receive payment of time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

20. As a result of Defendant's intentional, willful and unlawful acts by refusing to properly pay Plaintiff, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

21. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for payment of compensation for all overtime hours at one and one-half his regular rate of pay due for the hours worked by which he has not been properly compensated, liquidated damages, reasonable attorney's fees and costs of suit, and for all other appropriate relief including prejudgment interest.

## COUNT II
## FAMILY AND MEDICAL LEAVE ACT ("FMLA")

22. Plaintiff re-alleges paragraphs 1 through 13 of the Complaint as if fully set forth herein.

23. While employed by Defendant, Plaintiff had a serious health condition and required surgery, leave and healthcare.

24. Plaintiff notified Defendant of his serious health condition and need for leave.

25. Defendant had actual knowledge of Plaintiff's serious health condition and need for leave.

25. Notwithstanding Plaintiff's need for leave, Plaintiff suffered an adverse employment action when Defendant terminated Plaintiff's employment.

26. There is a causal connection between Plaintiff's need for FMLA leave and the adverse employment action.

27. Defendant interfered with Plaintiff's exercise of the rights granted under the FMLA and/or retaliated against him for exercising those rights.

28. As a direct and proximate result of one or more Defendant's acts, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, Richard Haughey, respectfully prays the Court award against Defendant the following damages:

a. Back pay and benefits;

b. Front pay and benefits;

c. Costs and attorney's fees;

d. Interest;

e. Any other relief this Court deems just, appropriate and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.


Respectfully submitted this 18th day of May 2010.

RICHARD L. BRADFORD
Florida Bar No.: 0068497
BRADFORD AND BRADFORD, P.A.
150 East Bloomingdale Ave., Ste. 196
Brandon, FL  33511

Telephone: (813) 413-2402
Facsimile: (813) 413-2425
e-mail: rich@bradfordfirm.com
Attorney for Plaintiff