IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

**RICHARD HAUGHEY,**

      **Plaintiff,**

v.

**MUSEUM OF SCIENCE AND INDUSTRY, INC.,**

      **Defendant.**

_____/

Case No.: 10-10847
Division: J

## DEFENDANT'S ANSWER AND DEFENSES

Defendant, Museum of Science & Industry, by and through its undersigned attorneys, hereby files and serves its Answer and Defenses to Plaintiff's Complaint and Demand for Jury Trial, and says:

1. It is admitted that Plaintiff claims amount in excess of $15,000.00. It is denied that Plaintiff is entitled to any relief whatsoever.

2. It is admitted that venue in Hillsborough County is correct; otherwise denied.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Denied in that Plaintiff was an exempt employee.

8. Without knowledge and therefore denied.

9. Without knowledge and therefore denied.

10. Without knowledge and therefore denied.

11. Without knowledge and therefore denied.

12. Without knowledge and therefore denied.

13. Admitted that Plaintiff's employment was terminated; otherwise denied.

14. Defendant hereby realleges the answers to paragraphs 1-13 above.

15. Denied in that Plaintiff was an exempt employee.

16. Denied.

17. It is admitted that on occasion Plaintiff was called in to perform limited work on a weekend day.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Defendant hereby realleges the answers to paragraphs 1-13 above.

23. Without knowledge and therefore denied.

24. Denied.

25. It is admitted that Plaintiff's employment was terminated; otherwise denied.

26. Denied.

27. Denied.

28. Denied.

## FIRST AFFIRMATIVE DEFENSE

Defendant's employment decisions regarding Plaintiff were based on legitimate, non-retaliatory reasons that were not pretext for retaliation or interference with Plaintiff's FMLA rights. Specifically, Plaintiff was employed and working for another employer while claiming to be out on leave under the FMLA.

## SECOND AFFIRMATIVE DEFENSE

Even if Plaintiff's request for FMLA leave or his taking FMLA leave was a contributing factor in any employment decision regarding Plaintiff, which it was not, Defendant would have made the same decisions without regard to Plaintiff requesting or taking FMLA leave.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any award of liquidated damages because Defendant's employment decisions regarding Plaintiff were in good faith and Defendant had a reasonable basis for believing that its decisions did not violate the FMLA.

## FOURTH AFFIRMATIVE DEFENSE

Any amount which Plaintiff claims is due and owing to Plaintiff for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff. Plaintiff has failed to mitigate his damages and losses, and to the extent it is determined that Plaintiff has failed to do so, Plaintiff's damage claims must be reduced.

## FIFTH AFFIRMATIVE DEFENSE

Defendant made good faith efforts to comply with the law and should not be liable for any discriminatory acts by employees of Defendant, whether managerial or not.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for economic damages should be barred or limited by any after-acquired evidence discovered by Defendant that would show Plaintiff's employment would have been terminated on other grounds. For example, but not as a limitation to this example, Defendant has developed and discovered additional proof and evidence that Plaintiff was

employed and working while claiming to be unable to work and was on Family and Medical Leave.

### SEVENTH AFFIRMATIVE DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of two years prior to filing is barred by the statute of limitations contained in the Portal to Portal Act of 1947, as amended, 29 U.S.C. § 255, as any violations of the Fair Labor Standards Act which may have occurred were not "willful" within the meaning of the statute.

### EIGHTH AFFIRMATIVE DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of three years prior to filing is barred by the statute of limitations contained in the Portal to Portal Act of 1947, as amended, 29 U.S.C. § 255.

### NINTH AFFIRMATIVE DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages is barred under the Portal to Portal Act of 1947, as amended, 29 U.S.C. § 259, as Defendant was at all times acting in good faith in conformity with and in reliance on written administrative regulations, orders, ruling and interpretations of the administrator of the Wage and Hour Division of the U.S. Department of Labor. Plaintiff was an exempt employee under both the administrative and executive exemptions. He was involved in the management of a recognized department of Defendant, customarily and regularly directed two or more employees in their work; and, among other details, had the authority to hire or fire other employees or make recommendations for the hiring or firing or discipline of subordinate employees. His work was directly related to the management or general business operations of Defendant and his duties included such primary duties as safety and aspects of public and business relations. His primary

duties included the exercise of discretion and independent judgment with regard to matters of significance.

### TENTH AFFIRMATIVE DEFENSE

Any claim for liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216, is barred under the Portal to Portal Act of 1947, as amended, 29 U.S.C. § 260, as Defendant was at all times acting in good faith and had reasonable grounds for believing that its actions were not in violation of the Fair Labor Standards Act.

### ELEVENTH AFFIRMATIVE DEFENSE

If the facts, as determined at trial, reveal that Plaintiff was himself engaged in efforts to alter his own time records or the time records of others, or in any other way violated the established policies of Defendant with regard to employment practices, Plaintiff should be estopped from recovering on his claims.

Defendant reserves its right to assert further affirmative defenses that it discovers as the case proceeds.

WHEREFORE, premises considered, Defendant prays that this honorable Court, upon hearing hereof, enter judgment as follows:

1. Ordering that Plaintiff take nothing by this action;

2. Dismissing Plaintiff's Complaint and any claim therein in its entirety with prejudice;

3. Ordering that judgment be entered in Defendant's favor;

4. Awarding Defendant its attorneys' fees against Plaintiff pursuant to the statutes;

5. Awarding costs to Defendant pursuant to the law; and

6. Awarding Defendant such other relief, both at law and in equity, to which it may show itself to be justly entitled.

>John W. Campbell, Esq., Fla. Bar No. 198021
>jcampbell@constangy.com
>Cherie L. Silberman, Esq., Fla. Bar No. 0015724
>csilberman@constangy.com
>CONSTANGY, BROOKS & SMITH, LLP
>100 North Tampa Street, Suite 3350
>Post Office Box 1840
>Tampa, Florida 33601-1840
>(813) 223-7166 / Fax: (813) 223-2515
>Attorneys for Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been furnished by postage prepaid U.S. Mail on this 27 day of August, 2010, to:

Richard L. Bradford, Esq.
Bradford and Bradford, P.A.
150 East Bloomingdale, Ave., Suite 196
Brandon, FL 33511
Email: rich@bradfordfirm.com

John W. Campbell, Esq.
Attorney for Defendant