UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD HAUGHEY,

    Plaintiff,

v.                           Case No. 8:10-cv-1946-T-33EAJ

MUSEUM OF SCIENCE AND
INDUSTRY, INC.,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion for Approve Settlement and Dismiss Case with Prejudice (Doc. # 20).

The Eleventh Circuit ruled in <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1352 (11th Cir. 1982) that "Congress made the FLSA's terms mandatory; thus, the provisions are not subject to negotiations or bargaining between employers and employees. FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purpose of the statute and thwart the legislative policies it was designed to effectuate." (Internal citations omitted).[1] Thus, a compromise of an employee's FLSA rights

---

[1] In <u>Lynn's Food Store</u>, the employer sought judicial approval of private agreements it entered into with its employees to settle FLSA violations. Pursuant to the settlement agreements, the

through a settlement of a lawsuit is subject to judicial scrutiny. Id.

The Settlement Agreement provides that Wingate will receive $650.00, representing all damages. Plaintiff's counsel will receive $350.00 for attorneys' fees and costs.

After due consideration, the Court determines that the settlement is a fair and reasonable compromise between the parties.

Accordingly, it is

**ORDERED ADJUDGED and DECREED** that**:**

The parties' Joint Motion to Approve Settlement and Dismiss Case with Prejudice (Doc. # 20) is **GRANTED and APPROVED**. This action is dismissed with prejudice. The Clerk is directed to close this case.

---

employees waived their rights to file FLSA claims in exchange for a small fraction of the back wages that the Department of Labor concluded that the employees were owed. Specifically, the employer offered only $1,000.00 to be divided between fourteen employees. The employees were not represented by counsel, and it was clear that the employees were not fairly compensated. Concerned about the unequal bargaining power between employers and employees, the Eleventh Circuit ruled that the agreements could not be approved absent supervision of the Department of Labor or a stipulated judgment entered by a court that has determined that the settlement is a fair and reasonable resolution of the FLSA claims.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>19th</u> day of May, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE